UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


Case No.:_____

ZHENZENG DU,
an individual, 21200 N.E. 38th Ave., Suite 2503
Aventura, FL 33180, and

MAPUCHE, LLC
a dully organized Florida corporation,
300 N.W. 82nd Ave., Suite 505A
Plantation, FL 33324

     PLAINTIFFS,

v.

JANET NAPOLITANO, in her official capacity
as Secretary of the U.S. Dept. of Homeland Security,
U.S. Department of Homeland Security
Office of the Chief Counsel
3801 Nebraska Avenue, NW
Washington, DC 20016, and

ALEJANDRO MAYORKAS, in his official capacity
as Director of U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
Office of the Chief Counsel
20 Massachusetts Ave. N.W., Room 4210
Washington, DC 20529

     DEFENDANTS.

_____/

**COMPLAINT FOR MANDAMUS RELIEF AND RELIEF UNDER THE
ADMINISTRATIVE PROCEDURES ACT (APA)**

Plaintiffs, ZHENZENG DU ("Mr. Du") on behalf of himself, his wife, son and daughter

who are derivative applicants for the immigrant benefits at issue herein, and MAPUCHE, LLC

("Mapuche"), (collectively, "Plaintiffs"), hereby sue Defendants and state:

1

## PARTIES

1.      Plaintiff, Mr. Du, born June 28, 1963, is a Chinese national and currently a resident of Aventura, Florida. Mr. Du filed an I-485, Application to Register Permanent Residence or Adjust Status ("I-485 application") on November 10, 2006 with United States Citizenship and Immigration Services ("USCIS"). USCIS acknowledged receipt of the Application on November 15, 2006.

2.      Plaintiff, Mapuche, is a dully organized Florida corporation with its principal place of business in Plantation, Florida. Mapuche filed an I-140, Immigrant Petition for Alien Worker ("I-140 petition") for Mr. Du on November 10, 2006 with USCIS. USCIS acknowledged receipt of the petition on November 15, 2006 and USCIS approved the petition on February 26, 2007.

3.      Janet Napolitano is Secretary of the U.S. Department of Homeland Security. The U.S. Department of Homeland Security is charged with administering USCIS and implementing and enforcing the Immigration and Nationality Act. The U.S. Department of Homeland Security has ultimate decision-making authority over applications and petitions submitted to USCIS.

4.      Alejandro Mayorkas is the Director of USCIS. USCIS is responsible for the processing of immigration related applications and petitions and has decision-making authority over immigration related applications and petitions.

## JURISDICTION

5.      This action arises under the Immigration and Nationality Act, 8 U.S.C. §1255 (Adjustment of Status of non-immigrant to permanent residence). The Court has jurisdiction pursuant to 28 U.S.C. §1331 (Federal Question), 28 U.S.C. §1361 (Mandamus), 5 U.S.C. §§702-

706 (Administrative Procedures Act), and the Due Process Clause of the Fifth Amendment, U.S.

CONST. amend. V. Relief is requested pursuant to these statutes and pursuant to the Declaratory

Judgment Act, 28 U.S.C. §§2201 *et seq*.

6.     This action challenges the Defendants' policies, practices, interpretations of law,

and their failure to act, not the Defendants' discretion to grant or deny individual petitions or

applications. Therefore, the jurisdictional limitations of 5 U.S.C. §701(a)(2) and 8 U.S.C. §1252

do not apply.

<u>VENUE</u>

7.     Venue is proper in the United States District Court for the District of Columbia

pursuant to 28 U.S.C. §1391(e) because the Defendants reside in the District of Columbia.

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

8.     Plaintiffs have exhausted their administrative remedies, given that USCIS has not

completed processing of Mr. Du's I-485 application filed on November 10, 2006. Mr. Du has

complied with all Requests for Evidence issued to him by USCIS and has made numerous status

inquiries over the past four years and ten months to obtain a decision on his I-485 application;

despite these efforts, USCIS has failed to issue a decision.

<u>FACTUAL ALLEGATIONS</u>

9.     Plaintiff, Mr. Du, is a Chinese national and has served as president of Mapuche

since 2005. Mapuche is a wholly owned subsidiary of Tangshan Ganglu Iron & Steel Co., Ltd., a

steel manufacturer in Tangshan, Hebei Province, China.

10.     On January 19, 2006 USCIS approved Mapuche's petition and issued Mr. Du's L-1A visa status for a multinational intracompany transferee from January 11, 2006 through January 10, 2008. His wife, Yanying Qi, son, Jianan Du, and daughter, Lina Du were admitted to the United States on derivative L-2 visa status as the spouse and children of an L-1 multinational intracompany transferee.

11.     On November 10, 2006 Mapuche filed an I-140 immigrant visa petition on behalf of Mr. Du. USCIS acknowledged receipt of the Petition on November 15, 2006. Concurrently, also on November 10, 2006, Mr. Du filed the aforementioned I-485 application, with derivative I-485 applications for his wife, son and daughter. USCIS acknowledged receipt of the I-485 applications on November 15, 2006.

12.     On November 30, 2006 USCIS issued a Request for Evidence in connection with Mapuche's I-140 petition.  Mapuche, through counsel, responded to the Request for Evidence on February 15, 2007.

13.     On February 26, 2007 USCIS approved Mapuche's I-140 petition, thus making an immigrant visa number immediately available to Mr. Du, his wife, son and daughter.

14.     Mr. Du's I-485 application has been pending with USCIS for almost five years.

15.     During this time period, USCIS approved various employment authorizations, travel permissions and L-1 non-immigrant statuses for Mr. Du including, but not limited to the following:

16.     USCIS approved Mr. Du's application for travel permission from September 26, 2007 through September 26, 2008.

17.     USCIS approved Mr. Du's application for L-1A extension of status from January 11, 2008 through January 10, 2010.

18.     USCIS approved Mr. Du's application for travel permission from September 27, 2008 through September 27, 2009.

19.     USCIS approved Mr. Du's application for L-1A extension of status from January 11, 2010 through January 10, 2012.

20.     USCIS approved Mr. Du's application for travel permission from January 25, 2010 through January 24, 2011.

21.     USCIS approved Mr. Du's application for travel permission from November 16, 2010 through November 15, 2011.

22.     Since filing his Application Mr. Du has been diligent in inquiring as to the status of his case, and has been diligent in responding to USCIS requests for additional information or requests that he take certain actions, including but not limited to:

23.     On April 5, 2007 USCIS issued its first Request for Evidence in connection with Mr. Du's application and his wife's application. Mr. Du, through counsel, responded to the Request for Evidence on May 23, 2007.

24.     On October 31, 2007 Mr. Du's case was transferred to the USCIS Miami Field Office without notice to Mr. Du or Mr. Du's counsel.

25.     On December 17, 2007 USCIS approved Mr. Du's extension of L-1A status from January 11, 2008 through January 10, 2010.

26.     On March 17, 2009, Mr. Du was interviewed at the USCIS Miami Field Office and completed the required biometrics.

27.     On July 7, 2009 USCIS, responding to Mr. Du's counsel's status inquiry, issued a letter noting that his case was delayed because "the required investigation into your background remains open. Until the background investigation is completed, we cannot move forward on your

case. The background checks are required to be completed on all applicants who apply for the immigrant benefit you are seeking."

28.     The required background investigation required for immigration purposes normally take no longer than ninety (90) days to be completed.

29.     After July 7, 2009, Mr. Du's counsel requested a status update from USCIS, noting Mr. Du's March 2009 interview and the lack of any interviews for his wife, son and daughter and lack of completed background investigation.

30.     On March 2, 2011 USCIS issued a Request for Evidence in connection with Mr. Du's Application. Mr. Du, through counsel, responded to the Request for Evidence on March 29, 2011.

31.     On March 23, 2011 USCIS issued a biometrics appointment notice for Mr. Du, pursuant to their request, Mr. Du completed the required biometrics.

32.     Mr. Du's use of L-1A visa status is limited to seven years. The delay in processing his I-485 application prejudices Mr. Du and Mapuche in that he will lose his L-1A employment eligibility on January 12, 2012.

33.     The relief requested will serve the public interest by ensuring that immigration benefit applications are adjudicated in a timely manner, and by requiring the Defendants to comply with applicable deadlines and regulations regarding the adjudication of said applications.

34.     No harm will come to Defendants or any third party as a result of the relief requested.

## COUNT I

### (Violation of the Mandamus Act)

35.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 34 as if set forth fully here.

36.     Secretary Napolitano, through the USCIS Director, has a duty to Plaintiffs to adjudicate Mr. Du's I-485 application.

37.     Despite this duty, Secretary Napolitano and the USCIS Director, through their agents and in violation of the Mandamus Act, 28 U.S.C. §1361, have withheld and/or unreasonably delayed completion of the processing of Mr. Du's I-485 application.

38.     Secretary Napolitano and the USCIS Director should be compelled to complete processing of Mr. Du's I-485 application and, thereby, to perform the duty owed to Plaintiffs.

## COUNT II

### (Violation of Administrative Procedures Act)

39.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 34 as if set forth fully here.

40.     Title 5 U.S.C. §555 of the APA requires that USCIS adjudicate applications "[w]ith due regard for [Plaintiffs'] convenience and necessity…and within a reasonable time... ." A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1) The Court may also hold unlawful agency action that is found to be, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," "contrary to constitutional right, power, privilege, or immunity," or "without observance of

procedure required by law," 5 U.S.C. §706(2)(A)-(D). "Agency action" includes a "failure to act." 5 U.S.C. §551(13).

41.     Secretary Napolitano and the USCIS Director, without observance of procedure as required by law, have failed to complete processing Mr. Du's I-485 application despite having it for a sufficient period of time, as a matter of law and fact, to complete said processing.

## COUNT III

### (Violation of Section 1571(B) of the INA)

42.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 34 as if set forth fully here.

43.     Section 1571(b) of the INA provides that "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." An "immigrant benefit application" is defined as "any application or petition to confer, certify, change, adjust, or extend any status granted under the [INA]." As such, the 180 day adjudication period requirement applies to the I-485 applications filed by Mr. Du and each of his family members.

44.     Mr. Du's I-485 application has been pending for more than 180 days. Defendants' failure to render an adjudication of Mr. Du's I-485 application is a violation of Section 1571(b).

## COUNT IV

### (Violation of Due Process Clause)

45.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 34 as if set forth fully her.

46.     The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of life, liberty or property without due process. U.S. CONST. amend. V.

47.     Upon information and belief, Defendants are engaged in a policy, pattern and practice of failing to process and adjudicate immigration benefit applications, such as Plaintiff's I-485 application, in accordance with the previously referenced statutory and regulatory deadlines, within a reasonable time as required by the APA, in accordance with their own processing times or in a manner that conforms with due process.

48.     Upon information and belief, because of alleged pending security checks, Defendants are engaged in a policy, pattern and practice of unlawfully withholding and unreasonably delaying the processing and adjudication of immigrant benefit applications, such as Plaintiff's I-485 application, in complete disregard of the previously referenced statutory and regulatory deadlines, the APA, their own processing times and due process requirements.

49.     The above referenced policies, patterns or practices by Defendants have violated Plaintiffs' rights to due process of law. As a result, Plaintiffs have suffered and continue to suffer irreparable injury.


IRREPARABLE INJURY

50.     As a result of Secretary Napolitano and USCIS' failure to act, Plaintiffs are suffering irreparable injury for which no adequate relief is available at law.


REQUEST FOR RELIEF

51.     Plaintiffs respectfully request that Defendants be cited to appear and that Court enter an order:

52.     Compelling the Department of Homeland Security and the USCIS to forthwith complete processing Mr. Du's Application;

53.     Granting such other relief at law and in equity as justice may require; and

54.     Holding Plaintiff a "prevailing party" and providing for the award of costs and attorneys' fees and expenses pursuant to The Equal Access to Justice Act, as amended, 28 U.S.C. §2412.

DATED:       August 24, 2011

                    Respectfully Submitted:

                    LAWRENCE P. LATAIF, ESQ.
                    D.C. Bar No. 60814
                    LAWRENCE P. LATAIF LLC
                    *Attorney for Plaintiffs*
                    650 Beacon Street, Suite 100
                    Boston, MA 02215
                    Telephone:  617-262-1600
                    Fax:            617-262-1616
                    Email:        LLataif@Lataif.com